## CHARLOTTE AND ESTHER GERTRUDE TUTTLE v. OSCAR WICKLUND AND ANOTHER.[1]

October 25, 1929.

Nos. 27,386, 27,387, 27,403.

[1]Reported in 227 N. W. 203.

354

*Kyle & Kyle* and *E. J. Hiniker,* for appellant city of Hastings.
*Snyder, Gale & Richards,* for appellant Wicklund.
*Tautges, Wilder & McDonald* and *F. M. Miner,* for respondents.

OLSEN, C.

Two actions were brought, the first by Charlotte Tuttle, a minor, by her mother, Esther Gertrude Tuttle, as her guardian ad litem, and the second by Esther Gertrude Tuttle in her own behalf; each action being against Oscar Wicklund and the city of Hastings, as defendants. In the first action the plaintiff seeks to recover damages for personal injuries claimed to have been caused to her by the negligence of the defendants. In the second action the mother seeks to recover for medical and surgical expenses incurred in treating the injuries of the daughter and for her own services in nursing and caring for her. The two actions were tried together. A verdict for $7,500 was returned in the first case, and one for $1,500 in

the second. Each verdict was against both defendants. Separate motions were made by the two defendants in each action in the alternative for judgment notwithstanding the verdict or, if that be denied, then for a new trial. Each motion was denied, except that in the second action a reduction of the verdict to $1,000 was ordered and consented to by plaintiff therein. The city of Hastings appeals from each of the orders denying its two motions. Oscar Wicklund appeals from the order denying his motion in the first case only.

■ Taking up first the appeals of the city of Hastings:

It is assigned as error that the court erred in denying defendant's motion for a directed verdict at the close of the evidence, and erred in denying its motion for judgment notwithstanding the verdict in each case. The ground for these assignments is that there was no evidence to justify submitting the case to the jury or to justify a verdict, as against the city of Hastings, in either case.

The plaintiff Charlotte Tuttle, aged 11 years, and a companion. Katherine Cadwell, aged 12 years, were. walking on the highway bridge across the Mississippi river at Hastings in this state. The bridge extends in a southerly and northerly direction across the river. The driveway for vehicle traffic is 17 feet 2½ inches wide. On the easterly side of the bridge, next inside of the bridge railing, is a sidewalk for pedestrians. This walk has planking on it to the width of 4 feet 7 inches, but about 4 inches of this extends under and outside of the railing, so that the width of the walk upon which persons travel is about 4 feet 3 inches. The covering of this sidewalk consists of planks 3 inches thick, laid crosswise, so that the inner ends of the planks come up to the driveway and the outer ends extend under and a little outside of the bridge railing. As originally constructed, the inner edge of the walk was raised about 5 inches above the driveway, resting there on stringers 2 inches thick. Dirt had accumulated in the driveway at the edge of the walk and some of the stringers under the walk had decayed. or sagged so that at the time and place of the accident the walk, at the edge of the driveway; was only about 3 inches above such drive-

way. There had been an iron strip or strap on the ends of the planks next to the driveway, but this had apparently fallen off, prior to the accident, at that place.

At the time the accident happened the two girls were walking northerly on this walk at a place near the center of the bridge. Charlotte was walking next to the driveway and her companion next to the bridge railing. The defendant Oscar Wicklund was driving his automobile northerly across the bridge, going in the same direction as the two girls. A car coming from the north passed Wicklund at the place of the accident. He saw the approaching car and thought that it did not turn out to suit him, so he turned his car to the right towards the sidewalk on which the girls were walking. There is dispute in the evidence as to whether Wicklund's car came so close to the walk that the fenders or other parts thereof overlapped the edge of the walk. Plaintiff testified that she was walking close to the edge of the walk and that some part of the car struck her legs and caused her to fall and suffer the injuries complained of. She is corroborated by her companion, who did not however see the car strike plaintiff but saw her as she fell and claims she heard the car strike plaintiff. One of the passengers in the car testified that immediately before the accident the car overlapped the edge of the walk. It seems clear that plaintiff came in contact with the car. The car was promptly stopped, and when picked up plaintiff was lying in the narrow space between the car and the walk, partly on the walk. Her companion testified that plaintiff was lying in front of the front wheel. The weight of the evidence, including plaintiff's own testimony, is that she was at the side of the car about opposite the front door.

There is evidence that the sidewalk was out of repair; that some of the planks and stringers were partly decayed; that the ends of some planks were worn or decayed leaving gaps between the planks; that some planks were depressed at the ends so as to render the walk uneven; that some planks were loose and would tip or teeter when one of the ends was stepped upon. Photographs of the sidewalk at about the place of the accident were taken and are in evi-

dence. From these exhibits and other evidence in the case it is apparent that the sidewalk was out of repair, but not all planks were out of place or seriously decayed. The evidence does not disclose which plank or planks plaintiff was stepping upon at the time of the accident. From all that appears she may then have been upon a plank or planks which were firm and in reasonably good and safe condition. Plaintiff, in her testimony, makes no claim or suggestion that she stumbled or fell by reason of any defect in the walk, but places the entire blame for her fall upon the fact that she was struck by the car. She was a frank and intelligent witness and testified clearly as to how the accident happened, and in so doing in no way connected the condition of the sidewalk with her fall and injury. No other witness in any way connected the accident with the condition of the walk. The allegations of the complaints are that by reason of the unsafe condition of the sidewalk the plaintiff was caused to trip and fall and come in violent contact with the automobile. On the evidence as here presented, to infer that she stumbled and fell because of some defect in this walk would be going beyond the realm of reasonable inference and entering the realm of speculation.

We conclude that it was error to deny the motions of the defendant city for directed verdicts at the close of the testimony, and to deny its motions for judgment after the trial. The conclusion reached renders consideration of other assignments of error by the city unnecessary.

■ Defendant Wicklund challenges the sufficiency of the evidence to sustain the verdict in the first case against him. In addition to what has been stated, he presented testimony, by himself and other witnesses, that his car did not come closer than 12 or 18 inches to the walk; that the car did not strike the plaintiff; that she came in contact with the car by falling against the front fender and wheel. On the evidence as presented in the record, the negligence of Wicklund and the question whether the car struck the plaintiff as claimed by her were questions of fact for the jury. The issue, of proximate cause as to him was also for the jury. The evidence is sufficient to sustain verdicts against him.

■ Misconduct of counsel for plaintiff is assigned. He did say to the jury that they were liable to fall into error if they did not render a verdict against both defendants and the case would have to be tried over again, and also gave his opinion as to what amount would be a fair verdict in each case. These statements would not seem to amount to more than opinions of counsel as to what the evidence required or authorized the jury to do. We find no prejudicial error here.

■ Two statements in the charge are assigned as errors. In one place the court said: "It is a question of law whether or not the automobile driver drove in accordance with the law." The statement had no relevancy to any issue submitted to the jury. The court did not state or intimate any opinion as to whether this driver drove in accordance with the law, but properly submitted all question as to his negligence to the jury. No prejudice resulted. In another place in the charge the court said: "Future sufferings and future doctorings are more or less speculative, but the rule is in such case that you can only allow such as appear to be reasonably necessary for the future." It would have been technically more correct to say to the jury that they could allow only for such future pain, if any, as they found from the evidence it was reasonably certain the plaintiff would suffer from this injury. If defendant thought that the statement made was likely to mislead the jury, it should have been called to the attention of the court and correction requested.

■ The verdict is challenged as excessive. The injury was an oblique fracture of the bone of the right leg near the hip. There were some bruises on the left leg and on the elbow and shoulder, not of a serious nature. A fracture of this kind is more difficult to set and heal than a straight fracture. Appliances have to be placed on the leg and body to hold the ends of the bone in position and to prevent the muscles from drawing the leg up and causing overlapping of these ends and shortening of the leg. The fracture and treatment caused much pain. The accident happened on June 26. Plaintiff was confined to bed for about eight weeks; moved

about on crutches for some time; returned to school on October 18, while using crutches; and used a cane until about Christmas time. No complications arose. The fracture healed in ordinary course and in about the usual time. There is a slight protrusion of the bone at one side of the fracture. The doctor testified, as to this, that the limb would be as efficient and strong as if there were a perfect union, but that the position is a little bit pointed out and that it may cause some pain. Asked if there was any shortening of the leg, he answered: "Very little, if any, not over a fourth inch in measurement."

We are not inclined to minimize the suffering endured by the girl, but reach the conclusion that the verdict in the first case is somewhat excessive. The case has been fully tried. There is nothing to indicate that liability on the part of the city could be established by a new trial. As against defendant Wicklund there should be a new trial on the issue of damages unless plaintiff consents to a reasonable reduction.

As to the city of Hastings, the orders appealed from are reversed and the cases remanded with direction to the trial court to vacate the verdicts and enter judgment for the defendant city in each case.

As to Oscar Wicklund, the order appealed from is reversed and a new trial granted in the first case, on the issue of damages only, unless the plaintiff shall, within ten days after the filing of the remittitur in the district court, file written consent in that court to a reduction of the verdict in the first case to $5,000. If such consent be filed, then the verdict as so reduced shall stand.